THE OREGON SHORT LINE RAILROAD COM-
PANY, a Corporation, Appellant, v. SAMUEL P.
RUSSELL, ISAAC RUSSELL, LUCY RUS-
SELL, CHRISTOPHER P. RUSSELL, JACOB
P. RUSSELL, JARED RUSSELL, FRANCIS J.
RUSSELL, MARY RUSSELL, HENRIETTA
H. RUSSELL, SARAH H. RUSSELL, HELEN
RUSSELL, LUCY PRATT RUSSELL and HEN-
RIETTA PRATT RUSSELL, Respondents.

No. 1518.    (76 Pac. 345.)

1. Condemnation Proceedings: Damages: Evidence: Fail-
ure to Make Objections: Effect.
In condemnation proceedings, where the evidence was sub-
mitted to the jury without objection on plaintiff's part,
plaintiff thereby admitted that it was sufficient to warrant
an assessment of damages by the jury.

2. Same: Jury: Province.
The jury is the sole judge of the credibility of witnesses, the
weight of evidence, and the damage shown, and the Su-
preme Court can not on appeal disturb the verdict on the
ground of its alleged excessiveness.[1]

3. Same: Appeal: Errors Reviewable: Excessive Verdicts.
Where Revised Statutes 1898, section 3282, requiring the bill
of exceptions, and section 3296, requiring the motion for
new trial, to specify the particulars in which the evidence
is alleged to be insufficient, are not complied with, the Su-
preme Court is precluded from passing on an objection
that the evidence is insufficient to justify the verdict.[2]

4. Same: Instructions.
In condemnation proceedings there was no error in the refusal
of an instruction that the jury were to assume that the

---

[1] Braegger v. Oregon Short Line R. Co., 24 Utah 391, 397, 68 Pac.
140; Hill v. Southern Pac. Co., 23 Utah 94, 63 Pac. 814; Kennedy
v. Railroad Co., 18 Utah 325; 54 Pac. 988; Croco v. Same, 18 Utah
311, 54 Pac. 985, 44 L. R. A. 285; Nelson v. Southern Pac. Co., 15
Utah 325, 49 Pac. 644; Mangum v. Mining Co., 15 Utah 534, 50
Pac. 835.
[2] Van Pelt v. Park, 18 Utah 141, 55 Pac. 381.

railroad would be constructed and operated in a proper manner, where there was no evidence relating to the subject-matter of the instruction, and the court charged that damages were to be assessed with respect to the value of the property taken, in determining which the same considerations were to be regarded as in the sale of property between private parties; that the burden of proving by a preponderance of evidence the amount of damages sought by defendants was on defendants; that the jury were the exclusive judges of the credibility of witnesses and of the facts proven, in determining which they could consider any fact or circumstance in evidence affecting the credibility of any witness; and that they should consider all the evidence impartially, but s'hould not consider testimony offered, but not admitted, nor any evidence stricken out by the court.

(Decided April 12, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart*, Judge.

Action to condemn certain real estate. From a judgment in favor of the defendants, plaintiff appealed.

AFFIRMED.

*P. L. Williams, Esq.*, and *Geo. H. Smith, Esq.*, for appellant.

*N. V. Jones, Esq.*, and *Messrs. King, Burton & King* for respondents.

BASKIN, C. J.—This is an action to condemn, under the provisions of the statute relating to eminent domain (Rev. St., p. 794), certain real estate of the defendants. A jury having been impaneled to assess the damages returned a verdict in which the damages were assessed at $13,000. The errors assigned and relied on are: (1) The damages assessed were excessive, and

the evidence insufficient to justify the verdict and judgment.    (2) The court erred in refusing to instruct the jury as requested by plaintiff.

Four witnesses, who at the time of the trial were, and for several years previous thereto had been, engaged in the real estate business in Salt Lake City, and who were acquainted with the lot, situated therein, a portion of which, only, was sought to be condemned by the plaintiff, and who were also acquainted with the market value of the property in the vicinity of said lot, were examined in behalf of the defendants.    The first testified that, in his opinion, the portion of the lot sought to be condemned by the plaintiff was of the value of about $13,000, and the damage to the remainder of the lot about $3,500.    The second testified that, in his opinion, the reasonable market value of the portion sought by the plaintiff was $12,000, and the damage to the portion not taken was about $3,500.    The third testified that, in his opinion, the reasonable market value of the portion sought was about $15,000, and the damage to the residue, $4,000.    The fourth testified that, in his opinion, the market value of the lot was about $20,000, and considered the portion sought damaged the lot to the extent of $12,000, and that the damage to the remaining portion of the lot by reason of the severance was about $4,500.    Four expert witnesses on behalf of plaintiff were also examined as to the value of the property sought and the damage caused thereby. The first testified that, in his opinion, the value of the portion of the lot sought to be condemned was $2,400, and the damage to the remainder $1,600.    The second testified that, in his opinion, the fair market value of the portion of the lot sought was $4,000, and the damage to the remainder $1,000.    The third testified that, in his opinion, the value of the portion of the lot sought was $4,000, and the damage to the remainder $500. The fourth estimated the value of the portion sought at $3,000, and the damage to the remainder of the lot at $3,000.    The motion for a new trial was, as stated in

the notice, made on the minutes of the court; but neither in the bill of exceptions, as required by section 3282, nor in the motion for a new trial, as required by section 3296, Rev. St., are the particulars in which the evidence is alleged to be insufficient specified. In the case of Van Pelt v. Park, 18 Utah 141, 55 Pac. 381, this court held that, even in equity cases, said sections must be complied with. That they must also be complied with in actions at law has, by this court, been so frequently held, as to settle the practice in that respect. It is not contended or assigned as error that any of the evidence was improperly admitted, but, on the contrary, the evidence was submitted to the jury without objection. This being so, it must be taken as an admission on the part of the plaintiff that the evidence was sufficient to warrant an assessment of the damages by the jury. Amato v. Sixth Ave. Ry. Co. (Com. Pl.), 29 N. Y. Supp. 51; Myers v. Cohn (Com. Pl.), 23 N. Y. Supp. 996; Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952. In the latter case the court said: "The court below had the power to set aside the verdict as contrary to the evidence without any exception, but in this court we can consider no objection which is not based upon some exception taken at the trial, and the appeal to this court from the order denying defendants' motion for a new trial brings here only questions of law based upon exceptions taken at the trial. Therefore, however unjust this verdict may be, upon the facts appearing in the case, we are powerless on that account to give the defendants any relief." On cross-examination of defendants' expert witnesses, the data upon which their opinions in respect to the value of the property sought by plaintiff were predicated were elicited. The appellant contends that those data do not support the opinions of said witnesses. No effort, however, was made to eliminate these opinions from the evidence. On the contrary, they were, together with the data so elicited, submitted, without objection, to the jury for consideration. The jury was the sole

judge of the credibility of the witnesses, the weight of the evidence submitted, and the damage shown thereby. From these facts this court on appeal is not authorized to disturb the verdict on the ground of its alleged excessiveness. Braegger v. O. S. L. R. R. Co., 24 Utah 391, 397, 68 Pac. 140; Hill v. Southern Pac. Co., 23 Utah 94, 63 Pac. 814. In Braegger v. O. S. L. R. R. Co., supra, Mr. Justice BARTCH, speaking for this court, in the opinion said: "The appellant complains that the verdict appears to be excessive, and given under the influence of passion or prejudice, and is not justified by the evidence. The answer to this is that under our Constitution the amount of the verdict is a matter entirely within the province of the trial court and jury, the same being a question of fact. If there is any evidence to support the verdict, this court has no power to pass upon it, or to set the verdict aside as being excessive. Kennedy v. Railroad Co., 18 Utah 325, 54 Pac. 988; Croco v. Same, 18 Utah 311, 54 Pac. 985, 44 L. R. A. 285; Nelson v. Southern Pac. Co., 15 Utah 325, 49 Pac. 644; Mangum v. Mining Co., 15 Utah 534, 50 Pac. 834." Under the settled practice in this court hereinbefore stated we are precluded from passing upon the objection relating to the insufficiency of the evidence to justify the verdict, because the particulars in which the evidence is alleged to be insufficient are not specified either in the bill of exceptions or the motion for a new trial.

2. The plaintiff requested the trial court to give this instruction to the jury, viz.: "You are to assume that in the construction, maintenance, and operation of said railroad, it will be so constructed, maintained, and operated in a proper, careful, and lawful manner over and across the said property." The refusal of this instruction was excepted to by plaintiff, and is assigned as error. No evidence relating to the subject-matter of this instruction was introduced, and among the instructions by the court to the jury, are the following, viz.: "You are to fix these sums with re-

spect to the value of the property taken and the damage done to the property not taken from the evidence, and as of the 13th day of June, 1902, the day upon which the petition in this case was filed in this court. In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in a sale of property between private parties. The burden of maintaining the amount of damages sought by the defendants in this case is upon the defendants, and the amount or sums which you shall find as the value of the property taken and the damage resulting to the portion not taken must be maintained and supported by a preponderance of the evidence introduced in the case. You are the exclusive judges of the credibility of the witnesses and of the facts proven. In judging of their credibility you have the right to take into consideration their deportment upon the witness stand, their interest in the result of the suit, the reasonableness of their statements, their apparent frankness or candor or the want of it, their opportunities to know and understand, and their capacity to remember. You have the right to consider any fact or circumstance in evidence which, in your judgment, affects the credibility of any witness. You should consider all the evidence impartially, fairly, and without prejudice of any kind, and from such consideration, in connection with the instructions given you by the court, you should reach such a verdict as will do justice between the parties. You should not consider any testimony offered but not admitted, nor any evidence stricken out by the court, but only such evidence as has been admitted in the case.'' In view of these instructions given by the court, and of the fact that there was no evidence touching the subject-matter of the instruction requested by the plaintiff, the refusal of the instruction requested was not error.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.