Appeal from Second District.

## THOMAS v. OGDEN RAPID TRANSIT CO.

No. 2795.   Decided February 11, 1916.   (155 Pac. 436.)

1. ABATEMENT AND REVIVAL — CORPORATIONS — CONSOLIDATION — DEBTS—STATUTE.   Under Comp. Laws 1907, Sections 340-341, permitting consolidations of street railways, and providing that the constituent corporations shall not be relieved from their respective debts, though the consolidated corporation becomes liable for the debts of both, defendant street railway, consolidating with another after the bringing of an action for personal injuries, was not thereby discharged of liability, or entitled to an abatement of the action. (Page 596.)

2. APPEAL AND ERROR—REVIEW—AMOUNT OF RECOVERY.   Where the Supreme Court, on a review of the record, cannot say that there is no evidence to sustain the amount of recovery,. or that the jury disregarded or misunderstood the instructions or the evidence, or acted under the influence of passion or prejudice, or that the trial court abused its discretion in refusing to grant a new trial on such grounds, it is neither authorized nor justified in interfering with the verdict.[1] (Page 597.)

3. APPEAL AND ERROR—HARMLESS ERROR—REVIEW.   In an action against a street railroad for personal injury, the admission of a witness' description of the car on which plaintiff was carried and the engine drawing it, not harmful to the defendant, was no ground for reversal. (Page 598.)

Appeal from District Court, Second District; *Hon. N. J. Harris,* Judge.

Action by F. M. Thomas against the Ogden Rapid Transit Company.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Boyd, De Vine & Eccles,* for appellant.

*John G. Willis,* for respondent.

---

[1]*Jensen* v. *Denver & R. G. R. Co.,* 44 Utah, 100, 138 Pac. 1185; *Hirabelli* v. *Daniels,* 44 Utah 88, 138 Pac. 1172.

## APPELLANT'S POINTS.

We are aware that the books are full of cases relating to the question of whether certain amounts of damages allowed are excessive or otherwise. Each case must be largely determined by its own facts. We, however, cite the following cases, as illustrative not only of the general trend of the decisions of the courts to fairness in measuring the damages by the injuries sustained, and because, by comparison, at least, with the injuries here the following cases show the rank injustice of the amount of $4,000 in the case at bar as compared with the facts disclosed by the evidence here:

*Opsahl* v. *N. P. R. R. Co.*, 138 Pac., 681 (Wash) ; *Kentucky T. & T. Co.* v. *Downing*, 152 Ky. 25 ; *Smith* v. *Lewiston R. Co.*, 86 Atl. 1054 (Me.) ; *Durose* v. *St. Paul Ry.*, 83 N. W. 397 ; *Becker* v. *Albany Ry. Co.*, 5 Am. Neg. Rep., 231 (N. Y.) Cases cited ; *Collins* v. *City of Janesville*, 83 N. W. 695 (Wis.) ; *Hanley* v. *N. J. Ry. Co.*, 47, Atl. 445 (N. J.) ; *Chapman* v. *S. P. Co.*, 12 Utah, 30, 41 Pac., 551.

STRAUP, C. J.

This action was brought to recover damages for personal injuries. The complaint alleges, and the answer admits, that the defendant, at the time of the injury and the filing of the complaint, was a corporation owning and operating a street or interurban railway, and that the plaintiff, while a passenger for hire on one of its cars, was injured through a collision caused by the defendant's negligence. The only issue submitted to the jury was the extent of the injury and damage. The verdict was for $4,000. The defendant appeals.

But few questions are presented. After the jury was impaneled and the plaintiff about to proceed with his statement and evidence, the defendant moved a substitution "of the name of the Ogden, Logan & Idaho Railway Company for that of the defendant," for the stated reason, that since "the bringing of this action the defendant and the Logan Rapid Transit Company," also a street or interurban railway corporation, consolidated or amalgamated under the name of the proposed substitution ; and, in case of any

question made as to such consolidation, offered to prove it by the articles of incorporation. The motion was denied. Complaint is made of the ruling. It is urged that by the consolidation all pending actions by or against the defendant abated. To support this, 10 Cyc. p. 310, is cited. But on the next page a contrary doctrine also is stated. We need not consider which of these views is the better, for, as we think, the statute (Comp. Laws 1907, Sections 340, 341), permitting consolidations of such corporations, provides that the constituent corporations are not relieved from their respective debts and liabilities, though the consolidated corporation is made responsible for the debts and liabilities of both. While it may be conceded that the plaintiff, by proper amendments and allegations, might have proceeded also against the consolidated corporation, or against it alone, yet it did not rest with the defendant, because of the consolidation, to seek a discharge of its liabilities or an abatement or dismissal of the action, or to compel the plaintiff to proceed against the consolidated corporation alone. With this view we need not express an opinion as to the further question of whether the defendant, had there been merit to its position, properly proceeded to invoke action by motion without some sort of pleading or amendment. No error was made by the ruling.

Another point made relates to damages. It is claimed they are excessive. Our power and duty in such respect are considered and stated in the case of *Jensen* v. *Denver* **2** *& R. G. R. Co.*, 44 Utah, 100, 138 Pac. 1185, and cases there refererd to, and in the case of *Hirabelli* v. *Daniels*, 44 Utah, 88, 138 Pac. 1172. The amount of the verdict when compared with the evidence as to the character and extent of the injuries, seems large. But, on a review of the record, we cannot say that there is no evidence to support the verdict in such respect, nor that it is made to appear that the jury disregarded or misconceived the instructions or the evidence, or acted under the influence of passion or prejudice; matters, the determination of which largely rest in the sound discretion of the trial court, whose ruling in granting or refusing a new trial on alleged grounds of excessive or inadequate damages will not be disturbed, except for an abuse of discretion.

It not appearing that there is no evidence to support the verdict, or that the trial court, in refusing to grant a new trial on such alleged ground, abused its discretion, we are neither authorized nor justified to interfere.

The only further point made is, that the court erred in permitting a witness to describe the car on which the plaintiff was carried and the engine drawing it. In view of the pleadings it is claimed that this was immaterial. The plaintiff claimed it material to show the force or violence with which the plaintiff was thrown, and that it thus had some bearing on the question of the injuries. Though there may be but little force to plaintiff's claim, still the answers of the witness were not harmful to the defendant. We see no merit to this contention.

The judgment is affirmed, with costs.

