## PAULY v. McCARTHY et al.

No. 6846. Decided Aug. 28, 1947. (184 P. 2d 123.)

432

*Farnsworth & Van Cott* and *Grant H. Bagley,* all of Salt Lake City, for appellants.

*Rawlings, Wallace & Black* and *Brigham E. Roberts,* of Salt Lake City, for respondent.

WOLFE, Justice.

On mandate from the Supreme Court of the United States.

This is the second time this case has been before this court. Plaintiff commenced this action against the defendants under the Federal Employers' Liability Act, 45 U. S. C. A. § 51 et seq., and recovered a net verdict of $50,-

000 in the Third District Court. With plaintiff's consent, the court ordered a remission of $15,500 of the verdict, and denied defendants' motion for new trial. On appeal by the defendants we reversed, considering only the questions of negligence and causation, 109 Utah 398, 166 P. 2d. 501. The Supreme Court of the United States granted certiorari, 67 S. Ct. 102, 91 L. Ed. _____, and reversed, 67 S. Ct. 962. Two questions, not considered in our former opinion, remain to be decided.

The jury returned a gross verdict for $75,000 and deducted $25,000 for contributory negligence of the plaintiff. Defendants contend that the jury's finding that plaintiff was damaged $75,000 in spite of the court's instruction that no permanent injuries were claimed is so grossly excessive and contrary to the court's instructions that the court abused its discretion in not setting aside the entire verdict as tainted by passion and prejudice.

In the early days of our statehood, this court repeatedly held that:

"The amount of damages is a question of fact to be found by the jury from all the evidence in the case, and that, if there be evidence to support the verdict, this court is not at liberty under the constitution of this state to review alleged errors, but will consider the evidence only so far as will be necessary to determine the question of law." *Kennedy et al.* v. *Oregon Short Line R. Co.*, 18 Utah 325, 54 P. 988. See also *Croco* v. *Oregon Short Line R. Co.*, 18 Utah 311, 54 P. 985, 44 L. R. A. 285; *Budd* v. *Salt Lake C. R. Co.*, 23 Utah 515, 65 P. 486; *Braegger* v. *Oregon Short Line R. Co.*, 24 Utah 391, 68 P. 140; *Palmquist* v. *Mine & Smelter Supply Co.*, 25 Utah 257, 70 P. 994; *Burt* v. *Utah Light & Power Co.*, 26 Utah 157, 72 P. 497; *Oregon Short Line R. Co.* v. *Russell*, 27 Utah 457, 76 P. 345; and *Nichols* v. *Oregon Short Line R. Co.*, 28 Utah 319, 78 P. 866.

Some of the early cases recognized, at least impliedly, that the *trial* judge might order a remission from an excessive verdict. *Kennedy et al.* v. *Oregon Short Line R. Co.*, supra; *Nelson* v. *Southern Pacific Railroad Co.*, 15 Utah 325, 49 P. 644. But from the language used in these and other decisions, a view developed that this court was powerless

to interfere with a jury verdict, no matter how outrageous. This view was exploded in the case of *Jensen* v. *Denver & R. G. R. Co.*, 44 Utah 100, 138 P. 1185, 1192, where, after citing with approval many of the cases above cited, we said:

"Still the jury cannot be permitted to go unbridled and unchecked. Hence the Code that a new trial on motion of the aggrieved party may be granted by the court below on the ground of 'excessive damages appearing to have been given under the influence of passion or prejudice.' Whenever that is made to appear, the court, when its action is properly invoked, should require a remission or set the verdict aside and grant a new trial. But, before the court is justified to do that, it should clearly be made to appear that the jury totally mistook or disregarded the rules of law by which the damages were to be regulated, or wholly misconceived or disregarded all the evidence, and by so doing committed gross and palpable error by rendering a verdict so enormous or outrageous or unjust as to be attributable to neither the charge nor the evidence, but only to passion or prejudice. Whether a new trial should or should not be granted on this ground, of necessity, must largely rest within the sound discretion of the trial court.

"Still that court, in such particular, is not supreme or beyond reach. Its action may nevertheless be inquired into and reviewed on an alleged abuse of discretion, or a capricious or arbitrary exercise of power in such respect. Such a review is not review of a question of fact, but of law * * * *our power to correct a plain abuse of discretion or undo a mere capricious or arbitrary exercise of power cannot be doubted.*

"We have said this much, in view of plaintiff's contention and of opinions heretofore somewhat loosely expressed at the bar, that in a case of tort tried to a jury, no matter how enormous or flagrantly outrageous a verdict may be, the trial court alone is authorized to grant relief; and though that court may, by a clear abuse of discretion, and by an arbitrary exercise of power, have gone as wild as did the jury and suffered an outrageous and unjust verdict to stand, or on mere whimsical and capricious grounds set a verdict aside amply supported by competent evidence, yet we are powerless to interfere. We do not so understand the prior decisions. In all of them where it was said this court is not authorized to review a question of excessive damages, such question being one of fact, the statements are qualified, except to ascertain 'if there is any evidence to support the verdict,' 'except so far as may be necessary to determine questions of law.' We reaffirm that. And since an assignment based on a ruling alleged to have been made by an abuse of discretion or by a mere capricious or arbitrary exercise of power, in granting or refusing

a new trial, presents a question of law, not of fact, we may as such review it." (Italics added.)

Since the Jensen case above quoted, it is well settled that this court has power to, and will, consider assignments of error based on excessive verdicts. *Brostrom et al.* v. *Lynch-Cannon-Engineering Co. et al.* 46 Utah 103, 148 P. 423; *Thomas* v. *Ogden Rapid Transit Co.*, 47 Utah 595, 155 P. 436; *Stephens Ranch & Livestock Co.* v. *Union Pac. R. Co.*, 48 Utah 528, 161 P. 459; *Eleganti* v. *Standard Coal Co.*, 50 Utah 585, 168 P. 266; *Shepard* v. *Payne*, 60 Utah 140, 206 P. 1098; *Browning* v. *Bank of Vernal*, 60 Utah 197, 207 P. 462; *McAfee* v. *Ogden Union Ry. & Depot Co.*, 62 Utah 115, 218 P. 98; *Geary* v. *Cain*, 69 Utah 340, 255 P. 416; *Morgan* v. *Ogden Union Ry. Co.*, 77 Utah 325, 294 P. 541; and *Ward* v. *Denver & R. G. W. R. Co.*, 96 Utah 564, 85 P. 2d 837. But, although we have the power to order a new trial in case of an excessive verdict, it is a power which we have rarely, if ever, exercised. However, in the case of *Shepard* v. *Payne*, supra, we ordered a remission of $2,500 from a $10,000 verdict. In that case, the excess was not the result of passion or prejudice, but was determinable as a matter of law.

Where we can say, as a matter of law, that the verdict was so excessive as to appear to have been given under the influence of passion or prejudice, and the trial court abused its discretion or acted arbitrarily or capriciously in denying a motion for new trial, we may order the verdict set aside and a new trial granted. *Jensen* v. *Denver & R. G. R. Co.*, supra; and other cases cited above following that decision. But mere excessiveness of a verdict, without more, does not *necessarily* show that the verdict was arrived at by passion or prejudice. *Stephens Ranch & Livestock Co.* v. *Union Pac. R. Co.*, supra. It is true that the verdict might be so grossly excessive and disproportionate to the injury that we could say from that fact alone that as a matter of law the verdict must have been arrived at by passion or prejudice. But the facts must be such that the

excess can be determined as a matter of law, or the verdict must be so excessive as to be shocking to one's conscience and to clearly indicate passion, prejudice, or corruption on the part of the jury. *McAfee* v. *Ogden Union Ry. & Depot Co.,* supra; *Ward* v. *Denver & R. G. W. R. Co.,* supra. this is not such a case.

The verdict here was admittedly liberal. But the mere fact that it was more than another jury, or more than this court, might have given, or even more than the evidence justified, does not conclusively show that it was the result of passion, prejudice, or corruption on the part of the jury.

There is no question but that plaintiff was grievously injured. He stepped from the caboose of a freight train and fell into a gully, landing on his feet. He was stunned for an instant. When he regained consciousness he suffered from pains in his back and foot, and his legs. He remained where he had fallen until an ambulance came some time later (the exact length of time is not clearly shown by the record). He remained in the hospital at Glenwood Springs, Colorado, for seven days where he was kept under opiates because of his pain. His lower limbs were paralyzed and he was unable to control the functions of his bowels and bladder. He also suffered severe gas pains. Plaintiff developed erysipelas, and was transferred to the hospital at Salida, Colorado, where he was kept in isolation for three days. After that he was placed in a hyper extension bed for 35 days, during which time he still lacked control of his bowels and bladder, and his legs were still paralyzed, although improvement of this latter condition commenced at that time.

After plaintiff was removed from the hyper extension bed, he was placed in a cast for about 30 days. Plaintiff testified that during all of the time he was in the hospital he suffered intense pain.

The medical testimony was that plaintiff suffered a compression fracture of the first lumbar vertebra, the scaphoid bone of the left foot was fractured and displaced,

the ulnar nerve of the right arm had been damaged and the right hand had atrophied. A blood clot on the spine had caused the loss of control of the bowels and bladder.

At the time of trial, nine months after injury, plaintiff had almost completely recovered bladder control, although he experienced some delay in evacuation of the bladder. Bowel control had greatly improved, but was not completely recovered. The pain was gone from his back, and he was able to move it quite freely in all directions. His left foot was still very painful, and the functions of inversion and eversion were seriously limited, although the up and down movements of the foot were nearly normal. The right hand was capable of all the rough, coarse movements, but could not do the fine movements. It was still somewhat atrophied, but improving.

The medical testimony as to the likelihood and extent of future improvement was in some conflict, but there was evidence that plaintiff would suffer a permanent 50% disability of his back for hard work, a permanent 25% disability of the left foot, and a 25% disability of the right hand. Dr. White testified that Pauly would never be able to go back to his work as a trainman.

The jury is allowed great latitude in assessing damages for personal injuries. *Miller* v. *Southern Pac. Co.,* 82 Utah 46, 21 P. 2d 865. The present cost of living and the diminished purchasing power of the dollar may be taken into consideration when estimating damages. *Coke* v. *Timby,* 57 Utah 53, 192 P. 624; *McAfee* v. *Ogden Union Ry. & Depot Co.,* supra.

We can discover nothing in this case, except the amount of the verdict, which indicates passion or prejudice, and, as we have seen, passion and prejudice are not necessarily inferred from an excessive verdict, without more. No exception was taken to the jury or any member thereof. No conduct on the part of the jury, evincing passion and prejudice, has been called to our attention. The only point of complaint is the size of verdict.

The plaintiff undoubtedly suffered serious bodily injuries, and there can be no doubt that he suffered great pain, anguish and embarrassment over a period of many months. There is substantial evidence that his earning capacity has been permanently, though not wholly, impaired. We think that his damages were very substantial, and that he was entitled to a substantial verdict. The fact that the jury may have been overly liberal does not per se prove passion and prejudice. We do not think that the verdict was so grossly excessive as to shock the conscience of the court. We cannot say as a matter of law that the trial court abused its discretion in ordering a remission of $15,500, instead of granting a new trial.

In *Geary* v. *Cain,* supra [69 Utah 340, 255 P. 418], speaking through Judge Thurman, we said:

"The only circumstances before the court tending to show that the jury were influenced by passion or prejudice is the amount of the verdict. The verdict of a jury may be excessive, and, in the opinion of the court, may not, as to amount, be fully sustained by the evidence, but it does not necessarily follow that the jury were influenced by passion or prejudice. In such cases it has become the settled rule in this and many other jurisdictions that the trial court has the power to require the plaintiff to remit a portion of the damages or defendant will be granted a new trial.

\* \* \* \* \* \*

"I am of opinion the question is still open as to whether this court may review a question of this kind, unless it is manifestly clear as matter of law that the trial court has abused its discretion in denying a new trial. And upon that question it seems to me, in case of doubt, the deliberate action of the trial court should prevail. Otherwise this court will sooner or later find itself usurping the functions of both the jury and the trail court, in violation of the spirit, if not the letter, of the Constitution."

And in *Stephens Ranch & Live Stock Co.* v. *Union Pac. R. Co.,* supra, we quoted the following language from *Gila Valley, G. & N. R. Co.* v. *Hall,* 13 Ariz. 270, 112 P. 845:

"Unless it clearly appears from the court record that an excessive verdict in a personal injury action resulted from prejudice or passion

rather than an undue liberality exercised by the jury in awarding damages, the trial court's action in remitting a part of the verdict instead of granting a new trial will not be disturbed." [48 Utah 528, 161 P. 462.]

The foregoing language is appropriate to this case and the reasoning is determinative of the question under consideration. The assignment of error is overruled.

Plaintiff introduced in evidence, over defendants' objection, figures computed from mortality and annuity tables, showing the amount of money it would be necessary to invest at various interest rates to pay to an individual various monthly amounts, ranging from $1 to $300. Thus, if the jury should determine that plaintiff's earning capacity had been reduced $100 a month, it could, by reference to the table (exhibit P), easily determine the amount necessary at different interest rates to purchase an annuity that would pay plaintiff $100 a month over his life expectancy. The admission in evidence of this table was assigned as error.

Defendants do not contend that the table was inaccurate. This court has approved the use of such a table in *Bruner* v. *McCarthy et al.*, 105 Utah 399, 142 P. 2d 649. The basis of defendants' objection is that there was no allegation or claim of permanent injuries, and therefore the table in this case was incompetent, irrelevant, and immaterial, and would tend to mislead and confuse the jury.

The cases are in conflict as to whether the permanence of injuries must be alleged, in order to allow recovery therefor. The courts are confronted with two conflicting considerations in determining the question: First, the consideration that the plaintiff should be permitted to recover all that he is fairly and justly entitled to. Second, the defendant should be given a fair opportunity to know the elements of the plaintiff's claim so as to be able adequately to prepare his defense, and not be taken by surprise. The cases in which the problem has been presented fall into three groups:

(1) Apparently the majority rule is that damages for the permanency of the injury are recoverable under a general

allegation for damages, without specifically alleging the fact of permanency. In many of the cases this rule is expressly stated; and other cases have tacitly allowed recovery of damages for permanent injuries in the absence of any specific allegation that the injuries complained of were permanent.

(2) Other cases take the view that damages for permanent injuries may not be recovered under a general allegation of damages, without specifically pleading the fact of permanency. These cases go on the theory that damages for such injuries are in the nature of special damages, which must be specifically pleaded to allow recovery therefor. However, under this view, the word "permanent" need not be used in alleging the permanency of the damages. Any equivalent expressions are sufficient. Thus an allegation that the plaintiff will be disabled for the rest of his life has been held a sufficient allegation of permanence. *Lake Shore & M. S. Ry. Co.* v. *Ward,* 135 Ill. 511, 26 N. E. 520. Nor is it necessary that permanency be positively pleaded as a determined and ascertained fact. It is sufficient to say that the plaintiff "believes" his injuries are permanent, or that they "may be" permanent, or that they "probably" will be permanent.

(3) A third line of authorities holds that unless facts from which the permanency of the injury *will necessarily* be implied are alleged, there must be a special averment that the injuries are permanent, in order to let in proof to that effect. This is really a qualification of the second rule. Under this rule the fact that permanency may possibly or even probably follow from the nature of the injury is not sufficient to allow recovery therefor, in the absence of a specific allegation of permanency.

The above rules are stated in 15 Am. Jur. 756, Damages, Sec. 314. Cases in support of all three rules are collected, classified, and analyzed in an annotation in 68 A. L. R. commencing at page 490. Reference is made to these authorities for a more complete discussion of the question.

The question as to which of the above three rules should be adopted in this jurisdiction seems never to have been decided by this court. However, in the case of *Littledike* v. *Wood,* 69 Utah 323, 255 P. 172, 173, we said:

"If loss of time or of earnings or impairment of earning capacity naturally and necessarily results from the injuries which are described and of the act complained of, evidence can be given of such loss without specially pleading it."

This rule was laid down in *Atwood* v. *Utah Light & R. Co.,* 44 Utah 366, 140 P. 137, and was followed in *Clawson* v. *Walgreen Drug Co.,* 108 Utah 577, 162 P. 2d 759, 764. If we were to follow the reasoning of these cases, Utah would probably follow the third rule. However, ■ we do not think it is necessary to determine that question, at this time. We believe that the plaintiff's complaint sufficiently alleged the permanence of the injuries. In paragraph 11 of the complaint it is alleged that plaintiff

"was rendered sick, sore, lame, *disabled,* and disordered" and "plaintiff *has suffered partial paralysis* to his lower limbs and a *partial loss of the control* of his bowels and urinary affairs." (Italics added.)

And in paragraph 12 it is alleged that plaintiff

"suffered a severe shock to his nervous system and *an injury and impairment to his general health* * * * and that due to his injuries aforesaid, the plaintiff has been disabled ever since said accident and up to the present time, and that *it is reasonably certain that he will be and continue to be disabled as a railroad conductor* * * *." (Italics added.)

As pointed out supra, the purpose of requiring the plaintiff to allege the permanence of his injuries (in those jurisdictions which require such an averment) is to give notice to the defendant of the nature and extent of the claim, so that he may properly prepare his defense ■ and not be taken by surprise. Therefore, any language which puts the defendant on notice that plaintiff claims damages for the permanence of his injuries is suf-

ficient. We think that the language above quoted from the complaint was sufficient to apprise the defendants that the plaintiff claimed damages for the permanence of his injuries. That the language did, in fact, have this effect, is borne out by the record. Dr. White was called as a witness for the plaintiff, and without any objection whatsoever on the part of counsel for the defendants, testified that plaintiff had a 50% permanent disability of his back for hard work, a 25% permanent disability of the left foot, and 25% disability of the right hand. The defendants called Dr. Delehanty, Dr. Larimer, and Dr. Ossman to testify as medical experts. Dr. Delehanty came from Denver, Colorado, and Dr. Larimer from Salida, Colorado. All of them testified as to the likelihood of Pauly's future recovery. In fact they seem to have been called chiefly for this purpose, since there was no serious conflict as to the nature of the plaintiff's injuries. The only serious conflict was as to whether or not the injuries were permanent and as to the extent of his disability. The fact that plaintiff was permitted to put on evidence of the permanency of his injuries, without objection from the defendants, and that defendants were prepared with rebutting testimony including two experts from outside the state, shows clearly that counsel for the defendants understood that plaintiff claimed damages for the permanence of his injuries, and defendants were prepared to meet this claim.

Since plaintiff pleaded that his injuries were permanent, and offered evidence of that fact, the commutation table was properly admitted in evidence.

We wish to make it clear that we do *not* hold that in every case where permanent injuries are alleged and evidence in support thereof is introduced, that the mortality and annuity tables are admissible. We go only so far as to hold that where the injury alleged and proved is permanent, *and is of such nature as to indicate a permanent material impairment of a substantial nature in the earning capacity of the plaintiff*, the mortality and annuity tables are admissible.

There was no error. The judgment of the trial court is affirmed. Plaintiff to have his costs.

McDONOUGH, C. J. and PRATT, WADE, and LATIMER, JJ., concur.