438 P.2d 178

The STATE of Utah By and Through its ROAD COMMISSION, Plaintiff and Appellant,

v.

George KENDELL et al., Defendants and Respondents.

No. 10834.

Supreme Court of Utah.

March 5, 1968.

Stephen L. Johnston, Salt Lake City, for appellant.

Richard H. Thornley, of Froerer, Horowitz, Parker, Richards, Thornley & Critchlow, Ogden, for respondents.

ELLETT, Justice:

The State of Utah, through its Road Commission, condemned some land belonging to the Kendells, and appeals because the trial court refused to grant either a remittitur or a new trial. The jury awarded the Kendells $22,500 for the land taken and $37,000 as severance damage. Three expert witnesses were allowed to give their opinions on behalf of the defendants and testified respectively that the value of the land taken was $25,000, $35,000, and $40,000. They also testified that the value of the remaining land would be nominal, but they testified respectively that before the taking it was worth $60,000, $35,000, and $40,000. One expert witness testified for the State and said that the value of the land taken was $19,150, and the severance damage amounted to $15,450.

The law is well settled in this State that the trial court may, in the exercise of a sound discretion, order a remittitur in

lieu of granting a new trial where damages appear to have been given under the influence of passion or prejudice. Geary v. Cain, 69 Utah 340, 255 P. 416. In Pauly v. McCarthy, 109 Utah 431, 184 P.2d 123, this court said at page 436 of the Utah Reports, 184 P.2d at page 126:

> Where we can say, as a matter of law, that the verdict was so excessive as to appear to have been given under the influence of passion or prejudice, and the trial court abused its discretion or acted arbitrarily or capriciously in denying a motion for a new trial, we may order the verdict set aside and a new trial granted. * * * But mere excessiveness of a verdict, without more, does not *necessarily* show that the verdict was arrived at by passion or prejudice. * * * It is true that the verdict might be so grossly excessive and disproportionate to the injury that we could say from that fact alone that as a matter of law the verdict must have been arrived at by passion or prejudice. But the facts must be such that the excess can be determined as a matter of law, or the verdict must be so excessive as to be shocking to one's conscience and to clearly indicate passion, prejudice, or corruption on the part of the jury. * * *

The trial judge is in a better position than are we to decide the question of excessive damages, and so we do not substitute our judgment for his unless it clearly appears that he abused his discretion.

The Kendells owned 2.89 acres of land on the west side of a north-south highway. All of this land was taken by the State. On the east side of the same highway the Kendells owned approximately two-thirds of an acre of land abutting on the north-south highway and also abutting on the south side of an intersecting east-west highway. On the tract of land last mentioned were motel cabins, a service station, a grocery store with lunch counter, and an antique shop. A 7½ foot strip of this land adjacent to the north-south highway was also taken, including one of the gasoline pumps, and the east-west highway was relocated to the south of the land in question. The only access left for this property was by way of a cul-de-sac service road, and the Kendells now claim that this land and the buildings remaining can no longer be operated as a business because of the taking of the narrow strip of land and the loss of access to the highways. They further claim that the land and buildings now have only nominal value.

In its motion for a new trial the State claimed that the court erred in failing to give any instruction "pertaining to the right or lack thereof of a private property owner to have a public thoroughfare adjacent to his property."

■ The answer to this claim of error is that the State did not request any such instruction.[1] The law is to the effect that where no request is made for an instruction at trial, a party cannot complain on appeal because the court did not give such unrequested instruction. See 53 Am. Jur., Trial, § 513; 5 Am.Jur.2d, Appeal and Error, § 623.

In the case of Rose v. Missouri District Telegraph Company, 328 Mo. 1009, 43 S.W. 2d 562, 81 A.L.R. 400, it was said at page 413 of A.L.R.:

> The failure of the plaintiff to request, and the failure of the court to give, any instructions in behalf of plaintiff other than the one on the measure of damages was nondirection, not misdirection. Mere nondirection is not reversible error. * * *

This court also has spoken many times on the failure of counsel to request an instruction. In Salt Lake & U. R. Co. v. Schramm et al., 56 Utah 53, at page 57, 189 P. 90, at page 92, it was said:

> If the plaintiff desired more specific instructions than given by the court, it became the duty of the plaintiff to frame and present them for the court's consideration. This the plaintiff did not do. * * * Not having made a written request to the court to charge the jury in the particulars complained of, the court's failure to do so will not be regarded as error. * * *

See also Taylor v. Los Angeles & S. L. R. Co., 61 Utah 524, 216 P. 239, and cases cited therein.

Rule 51, U.R.C.P., provides: "* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto. * * *"

Since in this case no objection was made to the failure of the court to instruct on the right of the State to take access from the landowner under the police power, we will not discuss the claimed error further.[2]

■ The damages awarded were amply supported by the evidence. The judgment of the trial court is affirmed. Each party to bear its own costs.

CROCKETT, C. J., and TUCKETT, CALLISTER and HENRIOD, JJ., concur.

[1] The State requested an instruction as follows: "You cannot consider any future damages which might directly result from the State's exercise of its rights of ingress to and egress from its easement of right of way, since the State of Utah would then be liable for such direct damages." This request falls short of requiring the court to give an instruction regarding damages for impairment of full access to a freeway (if any such damages there be).

[2] Anyone interested in the problem will find an excellent article by Robert S. Campbell, Jr., Esq., in 8 Utah Law Review at page 12.