[No. 20.   Third Appellate District.—May 31, 1905.]

## F. H. IDOL, Respondent, v. SAN FRANCISCO CONSTRUCTION COMPANY, Appellant.

ACTION UPON CONTRACT—TRANSPORTATION OF LABORERS—CONFLICTING EVIDENCE—APPEAL.—In an action upon a contract to pay for the transportation of laborers, where the evidence is conflicting as to whether the number of laborers were to be paid for who were placed on wagons and stages and waybilled to the camps of the defendant, as claimed by plaintiff, or whether it was the number of men

delivered at the camps and received by the defendant, and the court found in favor of plaintiff, the finding will not be disturbed upon appeal.

ID.—ACCOUNT-BOOK—ORIGINAL ENTRIES—COPIES FROM WAYBILLS—IMMATERIAL ERROR—INDEPENDENT EVIDENCE.—An account-book kept by the plaintiff, in so far as it contained original entries as to the number of men transported, was admissible in his favor; though where, after a certain date, the names were copied therein from the waybills, the waybills constituted the original entries. But any error in admitting the book as to such copies instead of the waybills was immaterial, where there was independent, uncontradicted evidence of the transportation of a specified number of men for which plaintiff was not paid.

APPEAL from an order of the Superior Court of Mendocino County denying a new trial.  J. M. Mannon, Judge.

The facts are stated in the opinion of the court.

Wm. H. Chapman, for Appellant.

Thomas L. Carothers, for Respondent.

BUCKLES, J.—The appeal comes up from the order of the lower court denying the appellant's motion for a new trial.

An agreement was entered into between the respective parties whereby the defendant agreed to pay the plaintiff the sum of one dollar each for carrying men from Ukiah to its camps along the line of the extension of the California and Northwestern Railway Company from Ukiah to Willits. There is a conflict in the evidence as to whether the number of laborers were to be paid for who were placed on the wagons and stages, waybilled to the camps of the defendant, or whether it was the number of men who should be delivered at the camps and received by defendant. The court held that plaintiff's contention was correct, and in this court, under the well-settled rule that where there is a substantial conflict in the evidence, the judgment will not be disturbed.

The other assignments of error are as to the introduction of an account-book. The plaintiff had testified that "there was due him on the agreement the sum of $442.00, and that much is unpaid at the rate of $1.00 a head." Another witness stated that "442 had been hauled that had not been paid for."

In rebuttal of this, the defendant showed that the number had not been *received*. Considering that the agreement was that all who were taken in the vehicles, waybilled for defendant's camps as the basis for charging one dollar, then the evidence produced by plaintiff is sufficient to establish the fact that he transported 442 men for which he was not paid.

But the question arose as to the whole number of men hauled from Ukiah, and to ascertain this a book of plaintiff was produced, and plaintiff testified that it was the book in which he entered the names, in his hand, of the men he sent out on his stage and from the statement of the man as to name, etc., each day, up to September 17th, and after that he copied the names in the book from the waybills and at the time, the very day the men were hauled, and that the book was correctly kept—that is, that up to September 17th he was absolutely certain that the book contained a correct statement of the name of every man hauled, and that after that time it contained a correct account of every man on the waybills for defendant's camps, and witness Carothers, who was in plaintiff's employ and made out the waybills, testified that he put the names of all these men on the waybills.

The book was the book of original entry up to September 17th, the entries made therein by the plaintiff at the time of the transaction, and was properly introduced in evidence for the purpose of showing the number of men sent out to that date. But after September 17th the waybills constituted the "original entry," and they are not the book to which their contents were transcribed. But whether it was error to introduce the book instead of the waybills is immaterial, because plaintiff's evidence as to the number of passengers not paid for was uncontradicted.

Judgment is affirmed.

McLaughlin, J., and Chipman, P. J., concurred.