Appeal from Fourth District

## BOOTH v. NELSON.

No. 3872.   Decided December 30, 1922.   (211 Pac. 985.)

1. APPEAL AND ERROR—FINDINGS OF JURY SUPPORTED BY EVIDENCE CONCLUSIVE ON APPEAL. The findings of the jury are binding on the court on appeal if supported by any substantial competent evidence.

2. EVIDENCE—DECLARATIONS OF DRIVER OF AUTOMOBILE CONCERNING ACCIDENT HELD NO PART OF RES GESTÆ. Where a draftsman working for an architect injured plaintiff, the draftsman's declarations to plaintiff's family, made after having picked up the plaintiff and carried him to a doctor, where his injuries were treated, and then brought him to plaintiff's home, were no part of the res gestæ.

3. APPEAL AND ERROR—PRINCIPAL AND AGENT—DECLARATIONS OF AGENT AS TO SCOPE OF AUTHORITY HELD INADMISSIBLE IN ABSENCE OF OTHER EVIDENCE OF AUTHORITY, AND THEIR ADMISSION HELD PREJUDICIAL ERROR. Where draftsman employed by an architect, in driving his automobile, injured plaintiff, the draftsman's declarations that the architect had instructed him to take the automobile and drive to a residence then in course of erection and inspect it, and that he had done so and was on his return when the accident happened, were not declarations as to scope of authority, and there being no other evidence of his authority to drive the automobile, admission thereof demanded reversal in view of the architect's defense that he had given orders that the draftsman return the automobile to his garage.[1]

Appeal from the District Court, Fourth District, Utah County; *Elias Hansen,* Judge.

Action by Heber Booth against Joseph Nelson. Judgment for plaintiff, and defendant appeals.

REVERSED AND REMANDED, with directions to grant new trial.

---

[1] *Cromeenes* v. *Railroad Co.,* 37 Utah, 499, 109 Pac. 18, Ann. Cas. 1912C, 307.

*B. C. Call,* of Brigham City, and *Parker & Robinson,* of Provo, for appellant.

*Abe W. Turner,* of Provo, and *E. R. Christenson,* of Salt Lake City, for respondent.

GIDEON, J.

Plaintiff had judgment against the defendant for injuries claimed to have been, sustained through the negligence of defendant's agent in operating an automobile in Provo City, Utah. The acts of negligence alleged are: (a) Driving the automobile on the left-hand or south side of the street while traveling west, contrary to the state statute; (b) failure to give any warning on approaching the street intersection where the accident happened. The answer denied the alleged acts of negligence, also denied that the driver of the automobile was the agent of the defendant in driving the automobile, but admitted that at that time he was an employé of defendant. As an affirmative defense contributory negligence on the part of plaintiff is pleaded, which contributory negligence, it is alleged, was the proximate cause of the injury.

The court instructed the jury that the plaintiff must prove by a preponderance of the evidence: (1) That Lloyd W. McClanahan, the driver of the automobile, at the time of the alleged injury, was acting within the scope of his employment; (2) that said McClanahan was negligent in one or more of the ways alleged in the complaint in driving the automobile; (3) that the negligence of the driver was the proximate cause of the injury. In another instruction the court advised the jury that the defendant had pleaded contributory negligence on the part of the plaintiff; that the burden of establishing contributory negligence was upon the defendant, and that if they, the jury, found from a preponderance of the evidence that the plaintiff was guilty of such negligence as contributed to the injury, then it was their duty to return a verdict in favor of defendant.

Appeal from Fourth District

The jury found the issues of fact in favor of the plaintiff, and thir findings are binding upon this court if supported by any substantial competent evidence. No further reference will be made to the issues of fact except as it may be necessary in the consideration of the questions of law.

The defendant Nelson is an architect by profession and was engaged in that business in Provo City at the time of the injury. He had in his employ as a draftsman McClanahan, the driver of the automobile. On the morning of the day of the accident defendant drove the automobile in question to the railway station, where he took a train for Soldiers Summit, located in another county. The defendant testified, and McClanahan's testimony is to the same effect, that Nelson, the defendant, instructed McClanahan to put the car in the garage. That was about 8:30 o'clock a. m. It appears, however, that McClanahan drove the car up to his boarding house, and subsequently returned to the office in the business district of the city. The car was parked near the office until about the noon hour. McClanahan again drove the car to his boarding house, where he left a bag containing some wearing apparel, after which he returned with the car to the business district of the city. On his way he stopped on what is designated in the record as First North street, a street running east and west and intersecting Academy avenue at right angles. The car was parked on the south side of First North Street. McClanahan went into a printing office to meet a friend with whom he intended to go to lunch. The two came out of the printing establishment, got into the car, backed out from the curb, apparently made a complete circle, and then traveled west on the south side of First North street approximately 75 feet to the intersection of Academy avenue. As the automobile approached Academy avenue, and at the edge of the intersection, it collided with the plaintiff, and the injury resulted. Immediately after the accident the driver and his companion took the plaintiff to a physician's office, where the plaintiff was examined and his injury treated. They

remained there possibly 20 minutes. They then took plaintiff.in the automobile to the latter's home. The parties arrived at the home of plaintiff approximately 30 minutes after the accident. At the trial the plaintiff and one or two members of his family were permitted to testify that after they had arrived at plaintiff's home the driver, McClanahan, stated that he had .in the forenoon gone with the defendant to the station; that Mr. Nelson had instructed him to take the automobile and drive to a residence then in course of erection for which Nelson was the architect and inspect the cement work, respecting which there had been some complaint; that he had driven to the building and stopped, but found no one there, and was on his way down town again when the accident happened.

The defendant strenuously objected to the introduction of this testimony on the grounds that it was irrelevant, immaterial, and hearsay. The objections were overruled, and the evidence admitted. Exception was taken, and the admission of that evidence is now assigned as error.

That assignment presents the only serious question in the case.

It is admitted by the pleadings, and not disputed anywhere in the record, that McClanahan was an employé of the defendant. It is not claimed by the respondent that the fact of agency can be established by declarations of the agent in the absence of some proof showing such agency. It is, however, argued that when, as here, there is any competent evidence of the existence of agency, then the declarations of the agent as to the fact of his .agency or its scope made in the course of the transaction in question are competent as evidence. Numerous authorities are cited in support of that claim. Among others are *Benton* v. *Regeser,* 20 Ariz. 273; 179 Pac. 966; *Levine* v. *Ferlisi,* 192 Ala. 362, 68 South. 269; *Ham* v. *Brown,* 2 Ga. App. 71, 58 S. E. 316; Abbott's Proof of Fact (3d Ed.) p. 171.

The testimony of the defendant and of his employé, Mr. McClanahan, is to the effect that McClanahan was employed as a draftsman, and that he was not required to, nor was it

his duty to inspect buildings in course of erection. There is no testimony that he was in the habit of driving defendant's automobile. In fact, there seems to be an absence of any proof that he had ever driven the automobile in question except upon one occasion prior to the accident. That was some months before the date in question. The declarations or statements claimed to have been made by the driver cannot be said to be any part of the res gestæ in the sense that they related to the accident or the facts surrounding such accident, or cause of the same. Neither were the statements the declarations of the agent as to agency or the scope of authority. At most, it can only be claimed that the statements indicated that at the time of the accident McClanahan was in the discharge of his employer's business.

Mr. Chief Justice Straup, in a concurring opinion in *Cromeenes* v. *Railroad Co.*, 37 Utah, at page 499, 109 Pac. 18, Ann. Cas. 1912C, 307, says:

"The general limitations of the res gestae rule  *  *  *  are: (1) The declaration or utterance must be spontaneous or instinctive (2) it must relate to or be connected with a main or principal event or transaction itself material and admissible in evidence; and (3) it must have been the result or product, the outgrowth, of the immediate and present influences of the main event, or preceding circumstances, to which it relates, and it must be contemporaneous with it and tend to explain or elucidate it."

Mr. Justice Frick agreed with and indorsed "all that is said by the Chief Justice in his concurring opinion" upon the question of res gestæ.

The Supreme Court of Wisconsin, in *Hermes* v. *Chicago & N. W. Ry. Co.*, 80 Wis. 590, 50 N. W. 584, 27 Am. St. Rep. 69, in determining that the statements of an engineer made a few minutes after the accident were a part of the res gestæ, quoted and approved as a definition of that term from *Carter* v. *Buchanon*, 3 Ga. 513:

"The idea of the res gestæ presupposes a main fact or principal transaction;  *  *  *  the res gestæ mean the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character."

Reliance is had by respondent upon the opinion in the

case of *Benton* v. *Regeser,* supra. The defendant in that case was the owner of an automobile. The automobile, as found by the court, had been acquired by the defendant for the use of members of his family and for their pleasure and convenience. Different members of the family were in the habit of using the automobile at their pleasure. On the day of the accident a minor son was driving the car and was alone at the time. Immediately after the accident the injured party was taken to a hospital in a taxicab. Two witnesses were permitted to testify that after arrival at the hospital, and when the services of the taxicab were being dispensed with, the minor son told one of the witnesses not to pay for the taxicab; that his father would settle everything; that the accident was his (the son's) fault. The court admitted that testimony and denied a motion to strike the same from the record. The appellate court, while conceding that it was a close question, determined that the admission of the evidence was not error. The upper court seemed to favor the rule that the question as to whether such statements were part of the res gestæ should be left largely to the discretion of the trial court. It can readily be seen that the statements of the minor son in that case related to and were the reflection of his judgment as to what caused the accident. The court had previously concluded that the driver of the automobile in that case was so related to the owner (his father) that the father was responsible for any injury resulting from the negligence of members of his family in operating the car. The testimony introduced in the case before us, as has been stated, was in no way related to the negligence which resulted in the injury, but related wholly to a past transaction. If by any process of reasoning the statements claimed to have been made by McClanahan could be considered as part of the res gestæ, the writer would be very much inclined to adopt the views of Prof. Wigmore as quoted in *Benton* v. *Regeser,* supra, that the admissibility of the statements should be left to the discretion of the trial court. I am unable, however, to perceive any reason for holding that the admission in evidence

of the statements of the driver, so far as the defendant is concerned, does not conflict with the rule excluding hearsay testimony. Such statements, if made constituted but the narration of a past event. There is no testimony in the record, save these alleged statements, that in any way tend to establish the claim of plaintiff that the driver of the car was at the time of the injury, carrying out a duty imposed upon him by his employment or that he was acting within the scope of his employment. There is some testimony on the part of one witness to the effect that McClanahan had at other times inspected buildings in course of erection of which the defendant was the architect, but that testimony in no way related to McClanahan's right to use defendant's automobile. It is true that the defendant testified that he had spoken to McClanahan about some complaint having been made of the concrete work in a certain building then in the course of construction and requested him to ''drop in'' and ascertain the trouble. It appears that this building was located directly across the street from the boarding house where McClanahan was stopping. It nowhere appears, however, that McClanahan was directed or authorized to use defendant's automobile in making a trip to this building. On the contrary, it is the positive testimony of the defendant that he instructed McClanahan to place the car in the garage. If the testimony, independently of the claimed statements of the driver, established, or tended to establish, that at the time of the injury the employé was in the discharge of his duties as such employé, then it might be claimed that the admission of the testimony was not prejudicial.

In *Wormsdorf* v. *Detroit City Ry. Co.*, 75 Mich. 472, 42 N. W. 1000, 13 Am. St. Rep. 453, the Supreme Court of Michigan, in discussing the admissibility of statements claimed to have been made by the driver of a street car immediately after the accident, says:

"The testimony tended to show that within a few minutes after the collision the superintendent, Mr. Barry, arrived at the place, and the court permitted a witness to testify that Mr. Barry asked

the driver of the westbound car what the cause of the accident was, and the driver's reply that he thought it was because the brake chain broke.

"This perhaps was admissible as part of the res gestæ, under our ruling in the case of *Keyser* v. *Chicago, etc., Ry. Co.*, 66 Mich. 390, 33 N. W. Rep. 867. But it was error to permit another witness to testify to a conversation which he claimed he heard between Mr. Barry, and the driver immediately after the accident, as follows: 'The driver told Mr. Barry that he had reported the car to the barn, as having a bad brake; that he had reported the car to the barn before; that he didn't hear Barry ask anything as to the cause of the accident.'

"This narration of the driver was of a past transaction, and was no part of the res gestæ, and was inadmissible to bind the defendant with notice of the defect claimed."

·From what has been said it is apparent that the admission of this testimony· was prejudicial error, which necessarily results in a reversal of the judgment.

As a retrial of this case will be necessary, it is considered advisable to notice an assignment of error respecting the court's tenth instruction.    The court instructed the jury that in establishing the defense of contributory negligence the burden was upon the defendant.   No objection is found to that part of the instruction, but it is insisted that it was the duty of the court to further instruct the jury that they, the jurors, might find from the plaintiff's own testimony that he was guilty of contributory negligence, and if they so found plaintiff could not recover.   It does not appear that the defendant requested the court to give that instruction.   Doubtless it would have been the duty of the court to have given such an instruction if requested, provided there was any testimony to support such claim.    It would not have been error in this case for the court to have given the instruction on its own motion.   It need not be determined that the failure to give such instruction without request would or would not constitute reversible error.

For the reasons indicated, the judgment of the district court is reversed, and the cause is remanded to the district court of Utah county, with directions to grant a new trial; appellant to recover costs.

Appeal from Third District

CORFMAN, C. J., and WEBER, THURMAN and FRICK, JJ., concur.