KNOWLTON et al. v. THOMPSON et al.

No. 3918.   Decided May 26, 1923.   On Application for Rehearing August 21, 1923.   (218. Pac. 117.)

1. EXECUTORS AND ADMINISTRATORS—APPLICATION OR MEMORANDUM OF AGREEMENT BETWEEN DECEDENT AND BROKERS NOT AN INSTRUMENT ON WHICH CLAIM FOUNDED REQUIRED TO BE PRESENTED WITH CLAIM. Under Comp. Laws, 1917, § 7649, providing that, if a claim against an estate be founded on a bond, bill, note, or other instrument, a copy of such instrument must accompany the claim, *held* that, where defendant, in an action for

recovery of broker's commission, died, and claim was made to his administrator without attaching thereto the written application or memorandum of agreement, the plaintiffs were not thereby precluded from recovery; such instrument not being the foundation of plaintiffs' claim, but merely evidence thereof.

2. EXECUTORS AND ADMINISTRATORS—WHERE DEFENDANT DIES, PLAINTIFF NOT REQUIRED TO PRESENT CLAIM TO ADMINISTRATOR WITHIN 90 DAYS. Under Comp. Laws Utah 1917, § 7657, requiring that, when an action is pending at the death of defendant plaintiff must present his claim to decedent's representative as in other cases, and under section 7653, providing that, when a claim is rejected, the holder must bring action thereon within three months, and under section 6513, providing that an action does not abate on the death of a party, and providing for its continuance by or against his representative, *held*, that the failure of plaintiffs on the death of defendant to present within three months their claim against his estate was not a bar to the prosecution of the action, nor reason for not receiving the claim in evidence.

3. EVIDENCE—TESTIMONY ·OF MEMBER OF LOAN COMMITTEE AS TO INFORMATION RECEIVED FROM ANOTHER MEMBER HEARSAY, AND NO PART OF RES GESTAE, IN BROKERS' ACTION AGAINST BORROWER FOR COMMISSION. In an action by brokers for an agreed commission for obtaining a loan, testimony by ·a member of the loan committee of the bank which made the loan that he made inquiry, and was told by another member of the committee that plaintiffs' agent brought the loan to the bank, was inadmissible as hearsay, and was no part of the res gestæ.[1]

4. EVIDENCE—ADMISSION OF PART OF CONVERSATION NOT ENTITLING ADVERSARY TO INTRODUCE HEARSAY TESTIMONY. Hearsay statements of a third person are not admissible, entitling adverse party to the whole of a conversation, where a part of the conversation has been given.

5. APPEAL AND ERROR—ADMISSION OF HEARSAY TESTIMONY HARMLESS ERROR WHERE FACT PROVED BY COMPETENT TESTIMONY. In an action for brokers' commission in obtaining a loan, where the fact that plaintiffs' agent introduced the defendant to the bank which made the loan was abundantly proved by compe-

[1] *Cromeenes* v. *San Pedro, etc., R. R.*, 37 Utah, 475, 109 Pac. 15, Ann. Cas. 1912C, 307; *Booth* v. *Nelson*, 61 Utah, 239, 211 Pac. 985; *Myers* v. *Railroad*, 36 Utah, 307, 104 Pac. 736, 21 Ann. Cas. 1229.

tent evidence, the admissibility of hearsay testimony by one of the members of the loan committee of such bank was harmless error.[2]

Appeal from District Court, Fourth District, Utah County; *Elias Hansen,* Judge.

Action by Hooper Knowlton and another against Louis Thompson and another. Judgment for plaintiffs, and defendants appeal.

AFFIRMED.

*Booth & Brockbank* and *Martin M. Larsen,* all of Provo, for appellant Thompson.

*Parker & Robinson,* of Provo, for appellant Chipman.

*James A. Stump* and *C. A. Gillette,* both of Salt Lake City, for respondents.

GIDEON, J.

In this action plaintiffs seek judgment for a commission alleged to be due from defendants on a real estate loan. The written application upon which plaintiffs base this action, so far as material here, is as follows:

"Salt Lake City, Utah, March 3, 1919.
"To Hooper Knowlton:   Application for loan.
"We hereby make application for loan of $75,000.00, time three years.
"Applicant, Louis Thompson and J. E. Jensen.
"Address, Provo, Utah.   *   *   *

---

[2] *Baird* v. *D. & R. G. R. Co.,* 49 Utah, 58, 162 Pac. 79; *Thomas* v. *Ogden R. T. C.,* 47 Utah, 595, 155 Pac. 436; *Moore* v. *U. I. C. R. Co.,* 52 Utah, 373, 174 Pac. 873; *Davis* v. *Heiner,* 54 Utah, 428, 181 Pac. 587; *Barry* v. *L. A. & S. L. R. Co.,* 56 Utah, 69, 189 Pac. 70; *State* v. *Lake,* 57 Utah, 619, 196 Pac. 1015; *Boeddcher* v. *Frank,* 48 Utah, 363, 159 Pac. 634; *Barker* v. *Savas,* 52 Utah, 262, 172 Pac. 672; *State* v. *Nell,* 59 Utah, 68, 202 Pac. 7.

"We hereby agree to pay to the said Hooper Knowlton a commission of $7,500.00 cash in the event his parties agree to make a loan of $75,000.00 on property described in this application for loan, on or before ninety days from date of receiving the above loan.

"[Signed]   Louis Thompson.
"J. E. Jensen."

Subsequent to March 3, 1919, and on May 15th of that year, the signers of that paper obtained a loan from Zion's Savings Bank & Trust Company of Salt Lake City for $75,000 and secured payment of the same by a mortgage on the real property referred to in the written application of March 3d. Plaintiff Young before the institution of the action, by assignment, became the owner of a one-third interest in the cause of action. After the institution of the original action J. E. Jensen, died, and thereafter James Chipman, Jr., was appointed administrator of his estate. The defendants filed separate answers, were represented in the district court and in this court by separate counsel, and have filed separate briefs.

There is substantial evidence in the record to support the verdict of the jury awarding judgment to the plaintiffs. There is no claim to the contrary. Counsel for the administrator insist that the court erred in permitting any evidence to be introduced in support of plaintiffs' claim against the estate and in refusing to grant a nonsuit, for the reason that no claim was presented to the administrator which complied with the requirements of the statute, and also that the plaintiffs failed to have the administrator substituted as a party defendant within three months after the rejection of the claim. On the part of both defendants error is assigned respecting the admission of certain testimony over their objections. We shall consider these questions in the order named.

It is provided by Comp. Laws Utah 1917, § 7657, that, if an action is pending at the time of the death of the defendant, the plaintiff must present his claim to the executor or administrator authenticated as in other cases, and that no recovery shall be had in the action unless proof is offered of such presentation. Section 7649, relating to claims against

estates and their verification, among other things provides:

"If the claim be founded on a bond, bill, note, or any other instrument a copy of such instrument must accompany the claim, and the original instrument must be exhibited, if demanded, unless it be lost or destroyed. * * *"

The claim presented to the administrator did not contain a copy of the written application of March 3, 1919. The claim was verified, and no criticism is made respecting the form or substance of the verification. It is insisted by counsel for the administrator that any claim plaintiffs may have had against the estate was founded upon the written application of March 3, 1919, and that it was therefore the duty of the claimants, plaintiffs here, to accompany the claim with a copy of that paper. Numerous authorities are cited holding that any one presenting a claim to an administrator or executor must strictly comply with the provisions of the statute, and that, upon failure so to do, the administrator or executor should not, and cannot, allow the claim. It is therefore argued that, when any one has a claim against an estate, and fails in presenting that claim to comply with the requirements of the statute, the administrator or executor is not only justified in disallowing the claim, but that it is the legal duty of such administrator or executor to disallow it; further, that such claimant cannot have his proof to establish such claim against the estate heard at a later date in a court of law. The difficulty with counsel's argument so far as this case is concerned, is that the plaintiffs' cause of action is not founded upon the written application a copy of which it is insisted should have been attached to the claim. It is apprehended that what the Legislature intended by that provision is that a copy of any instrument which in and of itself constitutes a claim or a promise to pay should be attached to the claim, so that the administrator or his legal adviser can determine whether the contract constitutes an obligation due from the estate. The claim of the plaintiffs in this action does not appear from the application of March 3, 1919. That paper, standing alone would not indicate that the plaintiffs are entitled to recover anything or have any claim against the estate. At

most it is but a part of the evidence by which plaintiffs can prove that the estate is indebted to them, and that they have a legal claim against it.

It appears that the claim was rejected by the administrator on April 8, 1921, and was returned to plaintiffs' attorneys with a letter advising that the claim had been rejected. Nothing further was done concerning the matter until the 28th day of March, 1922. On that date the case was called for trial in the district court. Apparently without objection, the complaint was amended so as to make James Chipman, Jr., administrator, a party defendant. It is insisted by counsel that plaintiffs having neglected to have the administrator substituted as a party defendant within three months after the rejection of the claim, are barred from maintaining an action against the estate. That contention is based upon Comp. Laws Utah 1917, § 7653, in which it is provided that, whenever a claim is rejected by an executor or administrator or a court, the holder must bring an action in the proper court against the executor or administrator within three months from the date of the rejection, if the claim be then due; "otherwise the claim shall be forever barred." It is provided in section 6513 that an action or proceeding does not abate by the death or disability of a party to that action if the cause or action or proceeding survive or continue. That section also provides that, upon the death or disability of a party. the court may, on motion, allow the action or proceeding to be continued by or against his representative or successor in interest. The particular objection urged was before the Supreme Court of California in *Gregory* v. *Clabrough's Ex'rs,* 129 Cal. 72, 62 Pac. 72. In the course of the opinion the court said:

"The point intended seems to be that the suit was not revived against the executors for over three months after the claim was rejected. But there is no provision of the Code requiring that it should be revived within any definite period."

The California statute is identical with our section 7653.

The trial court did not err in overruling the objection to the introduction of the claim in evidence nor in holding that plaintiffs were not limited to 90 days in asking for a substi-

tution of the administrator in an action pending at the date of the death of the decedent. It is admitted that defendant Thompson and deceased, Jensen, obtained a loan from Zion's Savings Bank & Trust Company subsequent to March 3, 1919, in the sum of $75,000. The issue of fact is whether Knowlton, either by himself or through his agents or associates, was the instrumentality by or through whom the loan was obtained. It appears that the bank has a committee designated in the record as a loan committee, and also as an executive committee. It is the duty of this committee to pass upon applications for loans. The committee at the date in question consisted of Messrs. Bennett, Winters and Giauque. The cashier of the bank was a Mr. Beebe. It was customary for this committee to meet daily, and the cashier would present to it such applications for loans as he desired to have the committee consider. An application for the loan in question was presented in some form to the officers of the bank. It was not signed by any one. The matter was before the committee on different dates. It is the contention of the defense that the decedent, Jensen, was personally acquainted with the officials of the bank, had done business with that institution for years, and that he and his codefendant obtained the loan through that relationship, and not through any effort on the part of plaintiffs. It is the claim of plaintiff Knowlton that he was assisted in negotiating this loan by a Mr. Van Dyke, who, it appears, was acquainted with at least some of the officials of the bank, and had frequently done business with that institution prior to the date of negotiating this loan. Mr. Bennett was a witness for plaintiffs. During his direct examination he was permitted to state that, at a meeting of the loan committee, when neither plaintiffs nor defendants were present, he made inquiry "where the application for the loan came from," and further that "I was told by Mr. Beebe that the loan was presented by Van Dyke." On motion of the defense that testimony was stricken. During the course of a long cross-examination of this witness the information was elicited that the witness had made inquiry as to who presented the appli-

cation for the loan. No question was asked on cross-examination as to what information he was given in response to that inquiry. On redirect plaintiffs' counsel again renewed the question as to what was said in reply to the inquiry of the witness, and, over the defendants' objection, the witness was permitted to say that he was informed, "Van Dyke brings the loan to us." Error is assigned on the court's ruling permitting that testimony. Apparently the testimony was permitted by the court on the theory that the defense had brought out part of a conversation, and that therefore plaintiffs were entitled to have the whole of the conversation related to the jury.

In this court it is argued that the testimony was admissible for that reason, and also on the further ground as being a part of the res gestæ. It was not shown, or attempted to be shown, that any member of the loan committee or the cashier of the bank was in any sense an agent or representative of either the plaintiffs or defendants. The testimony is therefore admittedly hearsay. That it is not admissible under the limitations of the res gestæ rule, as stated by this court in *Cromeenes* v. *San Pedro, etc. R. R.*, 37 Utah, 475, 109 Pac. 15, Ann. Cas. 1912C, 307, and as applied by us in the recent case of *Booth* v. *Nelson*, 61 Utah 239, 211 Pac. 985, and as discussed in *Meyers* v. *Railroad*, 36 Utah, 307, 104 Pac. 736, 21 Ann. Cas. 1229, seems clear. It was not admissible as being a part of a conversation   3, 4 brought out by the defense for two reasons: (a) The witness did not testify as to any conversation had in the committee room. On cross-examination the fact was elicited that the witness had made inquiry, but as to what was said in reply to that inquiry was not stated. It cannot, therefore, be claimed that the witness stated any part of a conversation had between members of the committee. (b) Hearsay statements of a third person are not admissible entitling the adverse party to the whole of the conversation where a part of a conversation has been given. 6 Cyc. Ev. p. 450; *Moore* v. *O'Dell*, 27 Okl. 194, 111 Pac. 308; Jones, Ev. (2d Ed.) § 297.

It remains to be determined whether the admission of this

testimony constitutes prejudicial error. A majority of the court are of the opinion that it does not. Mr. Justice CHERRY has put in writing the reasons upon which the court bases its conclusion on this point, and the same are incorporated herein as part of this opinion as follows:

The principal defenses made to the action were that the written agreement sued on was materially altered without authority, after its execution, and that it was orally agreed that the interest on the loan to be procured by plaintiffs was to be at the rate of 6 per cent., and that the interest on the loan procured was at the rate of 8 per cent. Whether or not the plaintiffs did assist in procuring the loan, within the terms of the agreement for a commission, was made an issue by the pleadings, but upon this question there is no substantial conflict in the evidence.

The defendants offered proof that previous to their employment of plaintiffs they had applied for a loan of $105,000 to the same bank which later made the $75,000 loan upon which the commission is claimed, but both of them expressly admitted that later the plaintiff and his agent, Van Dyke, took them to the bank, introduced them (although they claimed unnecessarily), and remained at the meeting where the matter of the loan was discussed and considered. Defendants also produced a witness, O. C. Beebe, the cashier and member of the loan committee of the bank, who testified that plaintiffs' agent, Van Dyke, called at the bank to make application for a loan for a large amount of money; that he was referred to the real estate appraiser of the bank (who died before the trial), with whom he consulted; that later he came to the bank with the defendants, when the making of the loan was further considered.

On the part of the plaintiffs the evidence was abundant and positive that the plaintiff and his agent, Van Dyke, had initiated and conducted the negotiations for the loan which was later made to defendants, and for which the commission was claimed. Plaintiffs also introduced in evidence a letter written, after the loan was made, by defendant Jensen to defendant Thompson, directing him to pay Van Dyke

$7,500.00 out of certain moneys in which they were interested. The defendant Jensen admitted the writing of the letter.

The hearsay testimony complained of was that Mr. Beebe said to the loan committee, "Van Dyke brings the loan to us." That fact was otherwise abundantly proved by competent evidence, and was virtually admitted by both defendants.

Comp. Laws Utah 1917, § 6968, is as follows:

"No exception shall be regarded unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting."

This principle has been applied by this court in a variety of cases, both civil and criminal, but reference is now made to those cases only which deal with the erroneous admission of evidence.

In *State* v. *Cluff*, 48 Utah, 102, 158 Pac. 701, Chief Justice Straup construed Comp. Laws Utah 1907, § 4975, relating to criminal procedure to be in legal effect the same as section 6968, supra, and said:

"A denial of a litigant's right of proper cross-examination may affect a substantial right. So, granting improper cross-examination to his adversary. Whether a denial or permission of cross-examination as to a particular matter is calculated to do harm is dependent upon a variety of things, chiefly the character of the matter sought or elicited and its bearing upon or relation to other evidence. When so considered, if it is of such character as is calculated to do harm, prejudice will be presumed. Whether the presumption is overthrown by the record is again dependent upon a variety of things, chiefly the issues, and the quantum and character of other evidence, and the natural and probable effects when considered with the whole of the evidence. Though prejudice should be presumed from the errors here committed, yet we, on the record, are satisfied that no harmful result of any substantial right was produced by them. That the charged adulterous act was committed by the defendant is shown by good and undisputed evidence and by the defendant's own and undenied admissions. Upon this evidence we do not say that the defendant is guilty, or that he ought to have been convicted. It is not within our province to decide that or to determine his guilt or innocence. But because of the undisputed evidence, and the undenied admissions of the defendant, we are satisfied that the same result would have been reached by the jury had not the improper cross-examination and argument been permitted, and hence that the verdict was not

influenced thereby. It may be asked, How do we know that? We know it by attributing to the jury the common sense and experience possessed by the average juror who, mindful of his duty as a juror and considering the evidence dispassionately, could not well have rendered a verdict of not guilty without disregarding the undisputed evidence and undenied admissions of the defendant as to his guilt."

In *Baird* v. *D. & R. G. R. Co.*, 49 Utah, 58, 162 Pac. 79, Mr. Justice Frick says:

"Where a case is tried to a jury and improper or incompetent evidence is admitted to establish a material fact, respecting which the evidence is in conflict, the admission of such evidence ordinarily constitutes reversible error. There are, however, conditions under which the admission of improper evidence, even where a case is tried to a jury, may not constitute prejudicial error. Such may be the case where there is abundant competent evidence to establish the fact which is also sought to be proved by improper evidence, and where there is no evidence to the contrary."

See, also, *Thomas* v. *Ogden R. T. Co.*, 47 Utah, 595, 155 Pac. 436; *Moore* v. *U. I. C. R. Co.*, 52 Utah, 373, 174 Pac. 873; *Davis* v. *Heiner*, 54 Utah, 428, 181 Pac. 587; *Barry* v. *L. A. & S. L. R. Co.*, 56 Utah, 69, 189 Pac. 70; *State v. Lake*, 57 Utah, 619, 196 Pac. 1015; *Boeddcher* v. *Frank*, 48 Utah, 363, 159 Pac. 634; *Barker* v. *Savas*, 52 Utah, 262, 172 Pac. 672; *State* v. *Nell*, 59 Utah, 68, 202 Pac. 7.

This principle of law has general application.

In 2 R. C. L. p. 247, it is said:

"The erroneous admission of evidence has, under the circumstances of the case, frequently been held harmless error and therefore not ground for reversal. This rule has frequently been applied in civil cases. It is obvious that in the stress of a trial the trial judge must pass upon questions relating to the admission of evidence without time for reflection or study, and if a case were to be reversed for every technical error in rulings on evidence but few judgments would be affirmed. To remove such a condition of affairs the harmless error doctrine is invoked in almost every case in which an appellate court is asked to review a ruling on the admission of evidence, and in perhaps a majority of cases it operates as a shield for the trial judge."

In *McKay* v. *Seattle Electric Co.*, 76 Wash. 257, 136 Pac. 134, the court says:

"While the testimony admitted was clearly hearsay, and was elicited by the trial judge, which fact might have given it some

weight with the jury, nevertheless it was cumulative of competent testimony given by other witnesses, and could not have been prejudicial."

In *Barker* v. *Mo. Pac. Ry. Co.*, 89 Kan. 575, 132 Pac. 157, it is said:

"Jurors are not sensitive plants from which every slight breeze or breath of incompetent evidence must be scrupulously excluded in order to maintain their qualifications to decide a case, but are usually men of practical sense and experience; and, when the issues involved have been fully presented, and competent evidence has been heard touching the conflicting claims, it is not the policy of the law, nor the right of either party, to send the case back for another trial, unless evidence has been allowed to creep in, the incompetency of which is such as to fairly show material prejudice."

See, also, *Schrader* v. *C. C. & St. L. R. Co.*, 242 Ill. 227, 89 N. E. 997, 26 L. R. A. (N. S.) 226; *Idol* v. *S. F. C. Co.*, 1 Cal. App. 92, 81 Pac. 665. Also *Louisville R. R. Co.* v. *Johnson*, 131 Ky. 277, 115 S. W. 207, 20 L. R. A. (N. S.) 133; *Vallejo & N. R. Co.* v. *Reed O. Co.*, 169 Cal. 545, 147 Pac. 238.

In view of the issues and the evidence in this case, it cannot reasonably be said that, if the hearsay evidence had been excluded, the jury would have reached a different result. If the only issue to be determined by the jury was whether Van Dyke made application for the loan they must have found for the plaintiff upon the competent evidence which was abundant and positive, and which was wholly uncontradicted. The prior application for a loan by defendants was not inconsistent with or contradictory to the application later made by Van Dyke. It was not claimed that Van Dyke did not take the application to the board; it was merely asserted that the defendants had mentioned the matter to the board at an earlier date.

Judgment affirmed, with costs.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.

### On Application for Rehearing.

PER CURIAM. In a petition for rehearing appellants

insist that we have erred in three distinct particulars; (1) In holding that under Comp. Laws Utah 1917, § 7649, quoted in the opinion, plaintiff was not required to accompany the claim presented to the administrator of the estate of Jensen, deceased, with a copy of the contract of March 3, 1919; (2) in holding that Comp. Laws Utah 1917, § 7653, does not require plaintiff to revive the pending action against the deceased within three months after rejection of the claim by the administrator; (3) in holding that the admission of the hearsay testimony of the witness Bennett was nonprejudicial error. Appellants have supported their petition with an able and exhaustive argument. We have given the questions presented further careful consideration. After doing so we find no convincing reason for modifying or changing our former holdings.

· We are especially referred to a Colorado case in which it is claimed that the opinion of the Colorado court is contrary to the views expressed by us relating to the necessity of accompanying the claim with a copy of the instrument upon which the claim is founded. *Gilmore v. Bank,* 21 Colo. App. 301, 121 Pac. 767. In that case the Colorado court was called upon to construe the following statute:

"The manner of exhibiting claims against estates shall be by filing in the county court the account or instrument of writing, or an exemplification of the record whereon such claim is founded." Rev. St. 1908, § 7212.

It will be noted that the Colorado statute does not enumerate any particular class of claims or limit the claims founded upon instruments in writing to any particular class or character of claims. On the contrary our statute is:

"If the claim be founded on a bond, bill, note, or any other instrument, a copy of such instrument must accompany the claim."

The Colorado statute is general, and includes all classes of claims founded upon written instruments. The Utah statute refers to a particular class or character of claims only. A different rule of construction should therefore be applied in arriving at the intention of the Legislature when it adopted the enactment. The rule of construction that should govern in interpreting the provisions of our statute now

under consideration was considered at the time the opinion of the court was written, although no specific reference is made thereto in the opinion. That rule of construction negatives both the contention contended for in the petition for rehearing and the arguments in the original brief. The rule referred to is stated in many cases and text-books, and is known as the rule of ejusdem generis. It is clearly stated by the Supreme Court of Indiana in *State* v. *Jackson,* 168 Ind. at page 389, 81 N. E. at page 64, in the following language:

"It is a well-settled principle that, where words of a particular or specific description in a statute are followed by general words, which are not so specific, the latter are to be construed as applicable to things of like character to those designated by the preceding specific words, unless there is a clear manifestation on the part of the Legislature of a contrary purpose."

In the language used by the Legislature in enacting our statute there is no clear manifestation that things different from those specifically enumerated were intended to be included within the expression "any other instrument." Neither can it be successfully claimed that the enumeration found in the statute is exhaustive of all the instruments of a like nature to notes, bills, or bonds. Neither does the language of the statute bring it within the other exceptions to the general rule that the instruments enumerated in the statute greatly differ one from each other. For a further discussion of these exceptions see the concurring opinion of Mr. Justice Thurman in *State* v. *Davis,* 55 Utah, 67, 68, 184 Pac. 161.

We see no reason for departing from the views expressed in the original opinion upon the other two questions presented in the petition for rehearing.

Petition for rehearing denied.