351 P.2d 623

**Walter H. RUF, Plaintiff and Respondent,**

v.

**ASSOCIATION FOR WORLD TRAVEL EXCHANGE and James F. Kenny, Defendants and Appellants.**

No. 9114.

Supreme Court of Utah.

April 28, 1960.

Hanson, Baldwin & Allen, Salt Lake City, for appellants.

Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a $21,344.57 verdict where, in an intersection collision, plaintiff allegedly suffered a spinal injury after landing on his buttocks, from which circumstances he bottoms his claim. Another trial is granted unless plaintiff, within 15

days from remittitur, accepts $15,340.57 instead of the jury's award.

Because of a possible retrial, we do not feel constrained to narrate or comment on the quantum or quality of the evidence. We simply believe and conclude that to the extent of at least $6,004 the jury entertained an excessive award. In this respect we share the puntifical observation of defense counsel that when the verdict was announced he felt that the Ruf fell in.

■ We so conclude under that reasoning of Stamp v. Union Pacific R. Co.,[1] indicating that remittitur may be ordered or a new trial granted if the award was "obviously above any reasonable appraisal of the damages suffered,"[2] arrived at for reasons therein suggested. We concede that the figure we arrived at is but a best judgment on our part. We know of no other formula to apply in a case like this. In so deciding, we have considered the questionable part of the award of special damages, where the cost of future surgery was considered and awarded.

McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Chief Justice (concurring in the result).

I concur in the result. In the case of Stamp v. Union Pacific R. Co., referred to in the main opinion, I set forth, according to my understanding, the rules governing the prerogatives and duties of the court in reviewing and ruling upon damages awarded by juries. I refer thereto, but in the interest of economy of space, omit repetition here. I am in accord with the idea that upon a survey of the evidence, the amount awarded for the plaintiff's injuries can reasonably be regarded as not so grossly excessive as to clearly indicate that the verdict resulted from passion, prejudice, or corruption so that the entire verdict is tainted and should be unconditionally set aside, but that it falls within the second class of cases treated by the writer in the Stamp case: where the tainting factors just recited are not present, but the award is plainly above any reasonable appraisal of the damages suffered. In such instance it is within the prerogative of the trial court in the first instance, or upon its failure, of this court, to order a remittitur of the damages to an amount justified by the evidence, or, if the plaintiff refuses to agree thereto, to grant a new trial. For these reasons I concur in the order made.

WADE, J., concurs on grounds stated by CROCKETT, C. J.

1. 5 Utah 2d 397, 303 P.2d 279, 282.

2. Ibid.